IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:06-CR-26-BR
5:07-CV-190-BR

| | |
|---|---|
| WESLEY JERMAINE OWENS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). The court will treat the motion as one for summary judgment. Petitioner has responded. The government has not filed a reply; however, the time for filing a reply has expired. Accordingly, this matter is ripe for disposition.

## I. BACKGROUND

On 10 July 2006, petitioner pled guilty pursuant to a plea agreement to one count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. Subsequently, on 2 October 2006, petitioner was sentenced to 110 months imprisonment. In accordance with his plea agreement, petitioner did not file an appeal; however on 25 May 2007, petitioner filed this timely motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## II. DISCUSSION

A motion for summary judgment is appropriate where the moving party can "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(c). An issue as to a material fact is "genuine," when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court must construe all facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 254.

In his § 2255 motion, petitioner asserts that he received ineffective assistance of counsel. To prevail on this issue, petitioner must prove (1) that his counsel's performance was deficient, and (2) that he was prejudiced by that deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it falls "below an objective standard of reasonableness." Id. at 688. The court must be highly deferential in its scrutiny of counsel's performance. Id. at 689. The court will adhere to "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," regardless of whether counsel's trial strategy was ultimately unsuccessful. Id. To prove that petitioner was prejudiced by a deficiency, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Petitioner claims that his counsel was ineffective for advising him to abandon a motion to suppress evidence, for steering his case towards a plea agreement, and for failing to investigate and argue for the return of money that was seized from petitioner at the time of his arrest. Because petitioner's first two claims are related, the court will address them in tandem.

Assistant Federal Public Defender, Sherri Royall Alspaugh, was appointed to represent petitioner on 22 May 2006. (Alspaugh Aff. ¶ 1). At that time petitioner was charged with both possession with intent to distribute cocaine and marijuana as well as possession of a firearm by a convicted felon. (Id.). At her first meeting with petitioner, Alspaugh reviewed with him the

2

indictment, the maximum sentences, the discovery, and the plea agreement that had been offered by the government. (Id. ¶ 4). Alspaugh discussed the possibility of a suppression motion, and although Alspaugh drafted and filed the motion, she did not have a strong hope that it would be decided in petitioner's favor. (Id. ¶¶ 4, 5). Alspaugh then had further discussions with the prosecutor about the suppression motion and was told that if petitioner pursued the motion, the government would seek a superseding indictment to add the charge of possession of a firearm during a drug trafficking offense. (Id. ¶ 6). Alspaugh had previously told petitioner that he was fortunate not to have this additional charge, which would carry a mandatory minimum of five years imprisonment in addition to any term of imprisonment for the other charges. (Id. ¶ 4). Because Alspaugh did not feel strongly that petitioner's suppression motion would be successful, on 3 July 2006 she advised petitioner that it was in his best interest to withdraw the motion rather than risk a superceding indictment and five additional years imprisonment. (Id. ¶ 7). At petitioner's request, Alspaugh allowed petitioner time to think about his decision. (Id.). On 7 July 2006, petitioner again met with Alspaugh and told her that he wanted to withdraw the motion to suppress and accept the original proposed plea agreement. Petitioner subsequently pled guilty. (Id.).

Petitioner does not contradict the statements in Alspaugh's affidavit regarding withdrawal of the motion and his acceptance of a plea agreement. Instead, he argues that the government's motion does not adequately explain why Alspaugh felt that his suppression motion would be denied. Petitioner's argument centers on the merits on his suppression motion as well as his allegation that counsel only changed her mind about the likelihood of success on the motion after the government threatened to seek a superseding indictment. Petitioner further contends that it was unethical for Alspaugh to file a suppression motion knowing that it would be denied.

The North Carolina Rules of Professional Conduct govern the ethical conduct of attorneys practicing in this district. Local Crim. R. 57.1(j) (E.D.N.C.). Those rules indicate that it is not unethical for counsel to file a motion knowing that the chances of prevailing on that motion are slim, as long as there is a legal basis for the motion and it is not frivolous. See N.C. Rule of Prof'l Conduct 3.1, cmt. 2 ("[t]he filing of an action or defense or similar action taken for a client is not frivolous . . . even though the lawyer believes that the client's position ultimately will not prevail"). However, once the government indicated that it would seek to add the firearm charge unless petitioner withdrew his motion, Alspaugh made a strategic decision to advise petitioner to withdraw the motion and plead guilty rather than face five additional years imprisonment. Alspaugh's advice came only after further legal research into the case law applicable to petitioner's suppression motion, as well as consultation with a research attorney in Alspaugh's office. (Alspaugh Aff. ¶ 5). In her affidavit, Alspaugh adequately stated legitimate reasons for believing that the suppression motion would not likely prevail. (See id. ¶¶ 7, 8).

Additionally, there is no evidence that Alspaugh pressured or steered petitioner into pleading guilty. Petitioner was given ample time to consider his counsel's advice and make his decision regarding a guilty plea. The fact that petitioner received an unfavorable sentence does not make his counsel's advice unreasonable. See Strickland, 466 U.S. at 698. Therefore, the court finds that Alspaugh's advice to petitioner to withdraw the suppression motion and accept the plea agreement was an objectively reasonable course of action and Alspaugh's conduct was not deficient.

Petitioner next contends that Alspaugh was deficient for failing to investigate and argue for the return of money that was seized from petitioner at the time of his arrest. However, the letters attached to the petitioner's own § 2255 motion as Exhibit C show that Alspaugh did, in fact,

4

investigate this matter for petitioner. (Alspaugh Aff. ¶ 10; Pet. Mot. at 42-45). The letters state that Alspaugh spoke with an ATF Task Force Agent, who confirmed that the money seized from petitioner was turned over to the North Carolina Department of Revenue for a drug tax assessment. (Alspaugh Aff. ¶ 10; Pet. Mot. at 42-43). Alspaugh then verbally informed petitioner that if he chose to contest the tax assessment he would have to do so on his own, because she was not permitted, as a Federal Public Defender, to appear before the state on petitioner's behalf. (Alspaugh Aff. ¶ 10). Petitioner does not contest these statements by his counsel, but argues that Alspaugh should have called the North Carolina Department of Revenue to contest the tax assessment on petitioner's behalf because the money was seized as part of his federal arrest. However, as Alspaugh stated in her affidavit, her representation of petitioner was limited to the charges facing him in federal court. (Id. ¶¶ 1, 10). Alspaugh appropriately investigated the money seizure, and when she discovered that the money had been turned over to the state, she directed petitioner in the steps he should take for further inquiry. Alspaugh was not required to pursue matters for petitioner that were outside the scope of her representation. Accordingly, Alspaugh's actions pertaining to the seizure of petitioner's money were objectively reasonable and her conduct was not deficient.

Because petitioner has failed to show that his counsel's actions were deficient, the government's motion for summary judgment is ALLOWED, and the petition is DISMISSED.

This 17 March 2008.

_____
W. Earl Britt
Senior U.S. District Judge

WJO/USA/MKM