IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-26-BR

| | | |
|---|---|---|
| WESLEY JERMAINE OWENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on a petition for a writ of error coram nobis pursuant to 28 U.S.C. § 1651 and a habeas corpus motion pursuant to 28 U.S.C. § 2255. (DE # 63.)

In 2006, petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924, and the court sentenced him to 110 months imprisonment and three years supervised release. (DE # 24.) Petitioner did not appeal. In 2007, he filed his first § 2255 motion challenging his conviction based on ineffective assistance of counsel, (DE # 25), which the court dismissed on the government's motion, (DE # 34). Petitioner filed a second § 2255 motion, (DE # 37), which the court dismissed for failure to obtain authorization from the Fourth Circuit Court of Appeals, (DE # 46).

In 2014, petitioner was released from imprisonment and began his term of supervised release. In 2015, United States Probation filed a motion for revocation of supervised release based on petitioner's engaging in criminal conduct. (DE # 50.) In February 2016, the court granted the motion and sentenced petitioner to 21 months imprisonment. (DE # 62.) According

to petitioner, he is no longer in custody on this conviction,[1] (Mot., DE # 63, at 2, 8), which appears accurate. Nonetheless, he requests that the court vacate his conviction based on the decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). (Id. at 8-9.)

At the outset, to the extent petitioner seeks habeas corpus relief under § 2255, the court lacks jurisdiction. As noted above, petitioner has previously filed two § 2255 motions. Therefore, petitioner must obtain authorization from the Fourth Circuit Court of Appeals before the court can consider granting him relief under § 2255. See 28 U.S.C. §§ 2244(b), 2255(h). Furthermore, because he is not in custody on the conviction his challenges, § 2255 is not the appropriate remedy for relief. See 28 U.S.C. § 2255(a).

Turning to petitioner's other basis for relief:

> As a remedy of last resort, the writ of error coram nobis is granted only where an error is "of the most fundamental character" and there exists no other available remedy. The writ is narrowly limited to "'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" Thus, the writ provides relief in cases where the error "rendered the proceeding itself irregular and invalid." A petitioner seeking this relief must show that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character."

United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (citations omitted).

Here, the last prong is dispositive. To determine whether "the error is of the most fundamental character," the court considers the merits of petitioner's Rehaif claim. See id. at 253. In Rehaif, the Supreme Court recently held, contrary to Fourth Circuit Court of Appeals precedent, that to convict a defendant of violating 18 U.S.C. § 922(g) and § 924(a)(2), "the

---

[1] Petitioner is in custody based on his subsequent convictions for possession with intent to distribute marijuana in violation of 18 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). United States v. Owens, No. 7:16-CR-81-BR (E.D.N.C.).

2

Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

Petitioner argues that his conviction is invalid because the government did not prove "the status 'scienter,'" and in fact, "he did not know he was barred from carrying firearms." (Mot., DE # 63, at 8.) Petitioner's argument misses the mark. First, because petitioner pled guilty, the government was relieved of its burden of proof. Second, and more importantly, to be guilty of violating § 922(g)(1) and § 924(a)(2), petitioner must know that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, i.e., a felon, when he possessed the firearm. See United States v. Smith, 939 F.3d 612, 614 (citing Rehaif, 139 S. Ct. at 2194). Petitioner acknowledges that he knew he was a felon. (Mot., DE # 63, at 8.) "'Rehaif does not hold that the government was required to prove that he knew that he was prohibited from possessing a firearm to sustain a conviction under Section 922(g)(1).'" Allen v. United States, No. 1:15-CR-64-MOC-WCM-1, 2019 WL 6359164, at *4 (W.D.N.C. Nov. 27, 2019) (quoting Webster v. Streeval, 2019 WL 5848060 at *3 (E.D. Ky. Nov. 7, 2019), and United States v. Briscoe, 2019 WL 5549165 at *2 (D. Kan. Oct. 28, 2019)). Rehaif does not impact petitioner's conviction, and therefore, there was no fundamental error.

Petitioner's petition for a writ of error coram nobis is DISMISSED. To the extent petitioner seeks § 2255 relief, his motion is DISMISSED WITHOUT PREJUDICE. The court finds that defendant has not made "a substantial showing of the denial of a constitutional right,"

28 U.S.C. § 2253(c)(2), and therefore, a certificate of appealability is DENIED.

This 5 December 2019.

_____
W. Earl Britt
Senior U.S. District Judge